AUSTIN CLAPP AND GLORIA CLAPP, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

STUART R. CLAPP AND VIRGINIA M. CLAPP, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 85567, 88043.    Filed August 29, 1961.

*Austin Clapp,* for the petitioners.
*Joseph D. Holmes, Jr., Esq.,* for the respondent.

OPINION.

RAUM, *Judge:* 1. In connection with the casualty loss item, a lively controversy exists between the parties as to whether the 1955 sale of the Searsville Lake Park enterprise to the Austin Clapps included the sand which Brandsten had spread over the land to create the artificial beach. The materials before us in this connection are not entirely satisfactory, but on the basis of the entire record, we conclude, without strong conviction, that the Clapps did acquire the sand, and that the

partnership therefore did sustain a casualty loss as a result of the unusual December 1955 rainstorms.

However, we reject petitioners' contention that the loss amounted to $4,000. It took only $1,065 in 1956 to restore all the sand on the beach, and nothing in the evidence suggests that such replacement was inferior in quality or quantity to the sand that was on the beach when Brandsten sold the business in January 1955. Moreover, the evidence establishes that about 20 to 25 percent of the sand would disappear annually as a result of normal causes, and it is reasonable to conclude that the sand restored in 1956 replaced not only the sand washed away during the unusual December 1955 storms but also the sand which disappeared as a result of normal causes during the preceding 11 months. Using our best judgment we have found as a fact that the loss due to the December 1955 casualty was $800 and we are satisfied that this amount is not in excess of the basis for the sand lost. A deduction in this amount is proper.

2. The issue as to whether the partnership was entitled to file returns on a fiscal year basis is governed by section 706(b)(1) of the 1954 Code which provides:

PARTNERSHIP'S TAXABLE YEAR.—The taxable year of a partnership shall be determined as though the partnership were a taxpayer. A partnership may not change to, or adopt, a taxable year other than that of all its principal partners *unless it establishes*, to the satisfaction of the Secretary or his delegate, a business purpose therefor. [Italic supplied.]

These provisions have been implemented by Income Tax Regulations section 1.706–1(b)(1)(ii), approved May 23, 1956 (T.D. 6175, 1956–1 C.B. 211, 239), which provide:

A newly formed partnership may adopt a taxable year which is the same as the taxable year of all its principal partners (or the same as the taxable year to which all of its principal partners are concurrently changing) without securing prior approval from the Commissioner, or it may adopt a calendar year without securing prior approval from the Commissioner if all its principal partners are not on the same taxable year. In any other case, *a newly formed partnership must secure prior approval from the Commissioner for the adoption of a taxable year*. [Italic supplied.]

These regulations were first proposed on August 12, 1955 (20 Fed. Reg. 5863), and they appear to be in accord with the applicable statute.

Although Austin and Stuart Clapp, doing business as Searsville Lake Park, filed partnership returns for the fiscal years ending January 31, 1956 and 1957, they had never obtained permission to do so, notwithstanding that, as individuals, they filed returns on a calendar year basis. It was not until March 13, 1959, that they sought permission to use a fiscal year for the partnership. But this was too late. Their explanation that they were previously unaware of the requirement does not justify failure to comply therewith. The Commissioner must be sustained on this issue.

*Decisions will be entered under Rule 50.*